## GEORGE NALIIKIPI KIAKONA *v.* ABBIE W. KIAKONA.

### No. 2471.

ARGUED APRIL 8, 1941.    DECIDED APRIL 16, 1941.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY COKE, C. J.

The appellee-libelant, George Naliikipi Kiakona, brought his action of divorce in the circuit court of the second judicial circuit against Abbie W. Kiakona, appellant-libelee, alleging desertion. Mrs. Kiakona joined issue and set up by way of her cross libel a cause for divorce from appellee upon the ground of the failure of appellee to provide her with suitable maintenance and support for a continuous period of more than sixty days. It appears from the record that the parties are the parents of an infant female child of the approximate age of one year and two months. After the trial in the court below the circuit judge entered a decree granting a divorce to the appellee on his allegation of desertion and awarded the custody of the infant child to its mother, the appellant.

The appellant has perfected an appeal to this court through her counsel, Wendell F. Crockett, from the decree of the lower court granting a divorce to appellee and dismissing her cross libel. After the cause had reached this court and subsequent to the filing of the opening brief on behalf of appellant, appellee, by his counsel, interposed a motion to strike appellant's brief and to dismiss her appeal upon the ground "that the said Wendell F. Crockett was and is the duly appointed and acting Deputy County Attorney of the County of Maui and by virtue of said office is disqualified under the law to act for, or file a brief in behalf of, said appellant, and the appeal herein dismissed for failure on the part of appellant to file a brief within the time provided by the rules of this Court."

Mr. Crockett has now withdrawn from the case but notwithstanding such withdrawal counsel for appellee

insists that his motion be granted on the theory that because of his official status appellant's counsel was legally disqualified to appear for appellant and he had no power nor authority to file the brief in her behalf and it therefore should be stricken. Furthermore, because no authorized brief had been filed within the time prescribed by the rules of court, namely, within fifteen days after the cause on appeal was placed on the calendar of this court, the appeal should be dismissed.

There can be no doubt that "marriage is a relation in which the public is deeply interested and is subject to proper regulation and control by the state or sovereignty in which it is assumed or exists. The public policy relating to marriage is to foster and protect it, to make it a permanent and public institution, to encourage the parties to live together, and to prevent separation. This policy finds expression in probably every state in this country in legislative enactments designed to prevent the sundering of the marriage ties for slight or trivial causes, or by the agreement of the husband and wife, or in any case except on full and satisfactory proof of such facts as the legislature has declared to be cause for divorce. Such provisions find their justification only in this well-recognized interest of the state in the permanency of the marriage relation. The right to a divorce exists by legislative grant, only the marriage contract in this respect being regulated and controlled by the sovereign power, and not being, like ordinary contracts, subject to dissolution by the mutual consent of the contracting parties, except for the causes sanctioned by law." 17 Am. Jur. § 12, p. 154.

The Supreme Court of the United States has said: "Other contracts may be modified, restricted, or enlarged, or entirely released upon the consent of the parties. Not so with marriage. The relation once formed, the law

steps in and holds the parties to various obligations and liabilities. It is an institution, in the maintenance of which in its purity the public is deeply interested, for it is the foundation of the family and of society, without which there would be neither civilization nor progress." *Maynard* v. *Hill*, 125 U. S. 190, 211.

The doctrine that the public has an interest in divorce cases is recognized in *Beall* v. *Beall*, 24 Haw. 29, 38. (See also 6 C. J. 621; 19 C. J. 19.) And where, as in this case, the interest and welfare of a minor child is involved, an especial interest exists which directly concerns the public. By statute in the State of Michigan, where the interests of minor children under the age of fourteen years are involved in a divorce proceeding, it is made the duty of the prosecuting officer to intervene. (Keezer, Marriage and Divorce [2d ed.] § 210.)

It has frequently been held by the courts that a divorce action is really a triangular proceeding in which the husband and wife and the State are parties. When an attempt is made through the courts to undo a marriage the State becomes in a sense a party to the proceedings, not necessarily to oppose but to make sure that the attempt will not prevail without sufficient and lawful cause shown by the real facts of the case or unless those conditions are found to exist at the time the decree is made on which the State permits a divorce to be granted. In some States, by statutory enactment, the power of intervention in divorce proceedings is expressly conferred upon the legal representative of the State. In at least one jurisdiction the statute requires summons to be served upon the district attorney of the district in which suit is commenced or upon his duly appointed deputy. Under such a statute, if the district attorney is not made a party, the decree is void. (*Smythe* v. *Smythe*, 80 Ore. 150, 149 Pac. 516, 156 Pac. 785.) Where no authority to intervene

is granted to the attorney general or other public officer, the court before which the proceedings are pending represents the interests of the State in such suits and is charged with the duty of protecting those interests. (*Blank* v. *Nohl*, 112 Mo. 159, 20 S. W. 477.)

To aid in the exercise of the power of a court to safeguard the public interests which are involved in every divorce case, the legislature of the Territory has provided that "if there be any reason to suspect collusion, or that important testimony can be procured which has not been produced, it shall be the duty of the judge to continue the cause from time to time while such reason for suspicion continues. The attorney general or other prosecuting officer and parties not of record shall be heard, to establish the fact of collusion or of the existence of testimony not produced." R. L. H. 1935, § 4471.

While the specific question presented by the motion in the instant case has not heretofore, so far as we are advised, had the attention of the courts of the Territory, the attorney general of the Territory, in a letter dated January 10, 1939, to Martin Pence, Esq., county attorney of the County of Hawaii, advised Mr. Pence that "the status of county attorney or deputy county attorney, on the one hand, and the relationship of attorney and client in a divorce proceedings, on the other hand, are inconsistent, for the Territory is an implied party to all suits for divorce and it may intervene by its prosecuting officers in any such proceedings. Clearly any disqualification which attaches to a county attorney also attaches to his deputy." (See opinion letter No. 1218 of the attorney general.) In every divorce proceeding the attorney general of the Territory and all other prosecuting officers of the Territory are potential representatives of the public and must hold themselves in readiness to be called by the court into active participation in the case in behalf

of the public. It follows that Mr. Crockett, who is a deputy of the county attorney of the County of Maui, was disqualified to act as the attorney for appellant in any stage of the present proceedings. It is to be regretted that the deputy county attorney did not realize the inconsistency of his position as deputy county attorney with that of counsel for appellant before accepting employment to represent the latter. It is equally regrettable that counsel for appellee failed to question the right of Mr. Crockett to appear for appellant until after the case had run the course of a trial in the court below, had been appealed to this court and appellant's opening brief had been filed. During this entire period, as shown by the record, counsel for appellee not only failed to raise any question of the right of Mr. Crockett to represent appellant in the divorce proceedings but, by entering into stipulations and having other dealings with him in his capacity as attorney for the appellant, recognized Mr. Crockett's qualifications to appear for appellant.

Unquestionably the rule here invoked was unknown to Mrs. Kiakona, the appellant. She was proceeding to litigate her rights through an attorney whom she in good faith deemed to be qualified to appear for her. To now punish her by striking her brief and dismissing her appeal and thus denying her the right to be heard would be an extremely harsh and arbitrary enforcement of its rules by this court which the facts and circumstances of the case do not warrant.

The motion to strike the brief and to dismiss the appeal is therefore denied.

*E. Vincent* for the motion filed memorandum of authorities but did not argue.

*C. B. Dwight* contra.