RENEE S. VESSEY, now RENEE S. NAFE, Plaintiff-Appellant, *v*. CLIFFORD HERBERT VESSEY, Defendant-Appellee

NO. 6379

JUNE 27, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam*. This is an appeal from a Decision and Order of the family court.

Plaintiff-Appellant Renee S. Vessey, now Renee S. Nafe, (hereinafter "wife"), and Defendant-Appellee Clifford H. Vessey, (hereinafter "husband"), married on September 6, 1966. In contemplation of divorce, they entered into a Property Settlement Agreement dated March 31, 1970. Wife obtained a Decree of Absolute Divorce dated April 22, 1970. The divorce decree by reference incorporated the Property Settlement Agreement.

Paragraph Seventh of the agreement states:

SEVENTH: That the wife shall receive the entire income generated by the rental of the Diamond Head Ambassador Apartment located in Honolulu, Hawaii, on and after February 1, 1970, in lieu of support payments from the husband; provided, however, that the wife shall

be obligated to pay the maintenance and all other costs incurred by and for the said apartment. Provided further that upon the sale of the parties interest in the said apartment the proceeds therefrom are to be divided equally between both parties.

Wife remarried in 1972.

On August 19, 1975, husband filed an Order to Show Cause After Order or Decree, requesting that the court order the sale of the apartment because the wife "has remarried and no support is legally due her".

On August 26, 1976, the family court issued a Decision and Order stating that the court would appont a commissioner to sell the apartment and divide the net proceeds.

Wife filed a Motion for Stay and Reconsideration. The motion was denied. This appeal followed.

The issue in this case involves the jurisdiction of the family court to modify paragraph Seventh. The question is whether paragraph Seventh is a final and conclusive division of property or a provision for spousal support and maintenance.

HRS § 580-47 provides:

§ 580-47. *Support orders; division of property.* . . . An order as to the custody, management, and division of property shall be final and conclusive as to both parties subject only to appeal as in civil case; . . .

HRS §580-51 provides:

§ 580-51. *Modification of alimony on remarriage.* Upon remarriage of a spouse in whose favor a final decree or order for support and maintenance has been made, the family court in the circuit in which the final decree or order was made, shall, upon application . . . and proof of the remarriage of the spouse for whom support was ordered, . . . rescind and annul such decree or order as to support and maintenance of such spouse.

Husband cites HRS § 580-51 and contends that in view of wife's remarriage the family court is required, upon his application, to terminate wife's entitlement to the apartment's rental income.

Wife cites HRS § 580-47 and contends that paragraph Seventh is "an order as to the custody, management, and division of property" and that it is unmodifiable.

The family court judge decided that paragraph Seventh relates to spousal support and therefore that HRS § 580-51 applies and HRS § 580-47 does not.

We agree with the family court judge.

The issue in this case is similar to an issue decided by the Hawaii Supreme Court in *Arakaki v. Arakaki*, 54 Haw. 60 (1972). There the decree ordered the husband to convey his interest in a parcel of residential property to the wife in lieu of alimony in gross and for the husband to assume and hold the wife harmless from the mortgage obligation on the property. The husband did not convey his interest in the property to the wife but he paid the monthly mortgage payments. After the wife remarried and before he conveyed his interest as required by the decree, husband sought modification of the decree.

The supreme court held:

(1) That the award of the property was unmodifiable because it was a final property division; and

(2) That the husband's obligation to assume the mortgage constituted spousal support which, in view of the wife's remarriage, had to be modified pursuant to HRS § 580-51.

In this case the wife's entitlement to rental payments is specifically in lieu of payments for spousal support from the husband. Her entitlement to such payments is governed by HRS § 580-51, which mandates the termination ordered by the family court judge.

Affirmed.

*Mitsuo Uyehara* for plaintiff-appellant.
*Robert A. Franklin* for defendant-appellee.