JANICE FUMIKO AMII, Plaintiff-Appellant, *v.* GRANT YOSHIMI AMII, Defendant-Appellee

NO. 9784

(FC-D NO. 118026)

JANUARY 23, 1985

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Plaintiff Janice Fumiko Amii (Wife) appeals a portion of the family court's September 29, 1983 amendment of its March 3, 1982 divorce decree. The relevant portion of the amendment terminated the right of Wife and the three minor children of the parties to exclusively occupy residence E-31, 4280 Salt Lake Boulevard, Honolulu, Hawaii, for ten years from March 3, 1982 and ordered it to be sold. The issue is whether the family court abused its discretion. We answer yes and reverse.

On August 6, 1981 Wife was unemployed and receiving monetary and food stamp welfare benefits.

Wife's pre-divorce position statement filed on August 24, 1981 stated in relevant part:

### 3. *CHILD SUPPORT:*

\*　\*　\*　\*　\*

Defendant (Husband) shall pay to Plaintiff (Wife) through the Clerk of the Court, the sum of $200.00 per child, per month for the support maintenance and education of the 3 minor children of the parties, for a total of $600.00 per month, payable in installments of $300.00 on the 5th and 20th days of each month, until further order of the Court.

\*　\*　\*　\*　\*

### 5. *SPOUSAL SUPPORT:*

That the Defendant (Husband) shall contribute to the support, maintenance and education of Plaintiff (Wife), and for a

period of five years shall pay the sum of $400.00 per month to the Plaintiff (Wife) unless prior to this time she enters the work force and acquires a monthly net income in excess of $800.00 at which time these payments shall cease.

\* \* \* \* \*

### 7. REAL PROPERTY:

The Real Property located at 4280 Salt Lake Boulevard #E-31 shall be the residence of the Plaintiff (Wife) and the three minor children Lisa Amii, Aaron Amii and Alex Amii for a period of ten years, at which time the property shall be sold and the net sum remaining to be divided equally by the parties. The Plaintiff (Wife) shall make the mortgage and tax payments on this property and shall be responsible for non-major repairs. During this period all debts for major repairs to the property shall be divided equally between the parties.

On October 27, 1981 Wife was receiving only food stamp welfare benefits. On October 9, 1981 Grant Yoshimi Amii's (Husband) gross monthly income was $1,600 per month.

Husband's pretrial position statement filed on October 14, 1981 stated in relevant part:

2. *Alimony:* ... none shall be awarded.

\* \* \* \* \*

4. *Child Support:* Defendant deems it reasonable that he pay no child support until the marital residence is sold, and thereafter, Defendant feels that $50.00 per month, per child is reasonable child support.

5. *Real Property:*

A. Defendant deems it reasonable that the property located [at] 4280 Salt Lake Boulevard, #E-31 shall be sold and the net sum after the mortgage, closing costs, net proceeds be divided one-half (1/2) each.

Until said property is sold, each of the parties shall be responsible for one-half (1/2) of the mortgage payments, tax payments and repair bills. Provided, however, that if either party pays more than one-half (1/2) of the above, he shall be reimbursed from the sale proceeds from the non-paying party. The divorce decree filed on March 3, 1982 ordered, *inter alia:*

(2) Custody.

a. Wife is awarded the care, custody and control of the three minor children of the parties and the custodial party shall keep the non-custodial parent informed of the residence address of the minor children.

\*　　\*　　\*　　\*　　\*

(4) Child Support.

a. Husband shall pay to Wife the sum of $134.00 per month per child for a current total sum of $402.00 per month, to be paid in equal installments of $201.00 on the 5th and 20th days of each month, commencing February 1, 1982, and continuing until further order of the Court, said payments to be made through the Chief Clerk of the First Circuit Court.

\*　　\*　　\*　　\*　　\*

6. Spousal Support.

Husband shall contribute to the support, maintenance and education of Plaintiff (Wife), the sum of $200.00 per month to the Plaintiff (Wife) for a period of three years unless Plaintiff (Wife) remarries or dies, at which time such support shall terminate.

8. Real Property.

a. The Husband and Wife are each awarded a one-half interest in the real property located at 4280 Salt Lake Boulevard, #E-31. This property shall be the residence of Wife and the three minor children Lisa Amii, Aaron Amii and Alex Amii for a period of ten years, at which time the property shall be sold. Wife shall make the mortgage and tax payments on this property and shall be responsible for non-major repairs. During this period all debts for major repairs to the property shall be divided equally between the parties. Husband shall vacate the premises no later than March 1, 1982 and allow Wife and the children to begin residence. Husband shall not remove any personal or other items of property that have been awarded to Plaintiff (Wife) from the residence.

b. Wife shall have the power to sell the property at any time during the ten year period if she deems it necessary and Husband shall execute any documents necessary to execute such a sale.

c. Any monies that Husband owes under this agree-

ment, including, but not limited to, medical expenses and child or spousal support shall be withheld from Husband's share of the proceeds from the sale of the house and given to Wife to make up for the arrearages.

d. If the Husband has arrearages under this Decree at the time of the sale of the residence, the remainder of Husband's proceeds shall be placed in trust to be used to pay the rest of Husband's future obligations under this Decree. Husband may apply to this court to determine if there are excess proceeds after all of the above obligations have been accounted for. If there are excess proceeds they will be awarded to Husband.

e. If Husband does not owe any arrearages at the time of the sale of the marital residence, then the net proceeds after the costs of the sale have been su[b]tracted, shall be divided equally between Husband and Wife.

f. The Family Court shall retain jurisdiction over the disposition of the marital residence.

When the March 3, 1982 divorce decree was filed, Lisa was 11, Aaron was 10, and Alex was 4, and Wife was attending school.

On August 27, 1982 Husband's gross monthly income was $2,075.66. On September 30, 1982 Wife's gross monthly income was $900 per month.

By motion filed on October 13, 1982, Husband asked the family court to terminate his obligation to pay spousal support because Wife was no longer attending school and to terminate Wife's and the children's exclusive use and occupancy of the residence and to order its sale because there was "another male individual living on the premises."

At the February 2, 1983 hearing on the motion, the parties stipulated (1) that Wife was working full time and no longer attending school and (2) that Wife was cohabiting with a boyfriend in residence E-31. On August 8, 1983 the family court orally announced a decision and on September 29, 1983 filed a decision and order (1) terminating, effective September 2, 1982, Husband's obligation to pay spousal support and (2) ordering the sale of the residence.

On October 17, 1983 Wife moved for reconsideration alleging that the family court (1) lacked jurisdiction to terminate her right to exclusive occupancy and (2) abused its discretion in terminating

her right to exclusive occupancy and Husband's obligation to pay her $200 per month. On November 30, 1983 Husband's counsel filed a memorandum arguing that the motion for reconsideration was too late under Rules 59(d)(1) and (g)(1), Hawaii Family Court Rules (HFCR) (August 1982).

On December 30, 1983 the family court filed an order denying the motion for reconsideration on grounds that it (1) was untimely and (2) had no merit. On January 27, 1984 Wife filed her notice of appeal.

I.

The first issue is whether we have appellate jurisdiction. Our answer is yes.

The following rules are relevant:

Rule 59(d)   Time for Motion.

(1)  A motion for further hearing or reconsideration of decision shall be filed not later than 20 days after the announcement or filing of a decision whichever occurs sooner.

Rule 59(g)   Motion for Reconsideration, Alteration or Amendment of Decree, Order or "Decision and Order."

(1)  A motion for reconsideration of the decree, order or "decision and order" shall be filed not later than 20 days after filing of the decree or order or announcement of the "decision and order," whichever occurs sooner.

It is apparent from the context of Rule 59 that Rule 59(d)(1) pertains to written or oral decisions which do not contain any orders and Rule 59(g) pertains to those which do. *See* Rule 54(a), HFCR.

In this case, the only information we have about the content of the August 8, 1983 oral decision is a minute order which indicates that a decision was rendered in a conference between the judge and counsel. Thus, it appears that an oral decision was announced on August 8, 1983 and that a written decision and order was filed on September 29, 1983.

Accordingly, we conclude that under Rule 59(d)(1) the parties had 20 days after August 8, 1983 to move for reconsideration of the August 8, 1983 oral decision, and under Rule 59(g)(1) they had

20 days after September 29, 1983 to move for reconsideration of the September 29, 1983 written decision and order. Consequently, Wife's October 17, 1983 motion for reconsideration was timely as to the September 29, 1983 written decision and order.

Under Rule 73(a), HFCR (August 1982), Wife's October 17, 1983 motion terminated the running of the time for appeal of the September 29, 1983 decision and order and that time did not restart until the filing of the order denying the motion on December 30, 1983. Consequently, Wife's January 27, 1984 notice of appeal was timely.

II.

The second issue is whether the family court had the power to terminate the March 3, 1982 divorce decree's award of the exclusive use and occupancy of the residence to "Wife and the three minor children[.]" Our answer is yes.

If the original award relates only to property division, Hawaii Revised Statutes (HRS) § 580-56(d) (1976) is relevant. It provides in relevant part: "Following the . . . elapse of one year after entry of a decree or order reserving the final division of property of the party, a divorced spouse shall not be entitled to. . .any share of the former spouse's personal estate." Spousal support, however, is always subject to revision upon a substantial and material change in the relevant circumstances. HRS § 580-47(d) (Supp. 1983). *See Davis v. Davis,* 3 Haw. App. 501, 653 P.2d 1167 (1982). The same is true of child support. HRS § 580-47(c) (Supp. 1983); *Davis, supra.* According to Husband's asset and debt statement dated August 27, 1982, the residence was purchased in 1977 for $48,000, its gross value had increased to $79,000, and it was subject to a $36,000 mortgage with monthly payments of $356. Obviously, the value of the occupancy of the residence was more than the partially tax deductible monthly payments on the mortgage.

We conclude that the award in this case of the net value of the occupancy of the residence is a combination of spousal support and child support. *Arakaki v. Arakaki,* 54 Haw. 60, 502 P.2d 380 (1972); *Vessey v. Vessey,* 1 Haw. App. 57, 613 P.2d 363 (1980). Consequently, assuming a substantial and material change in the relevant circumstances, it is subject to revision by the family court.

### III.

The third issue is whether there had been a substantial and material change in the relevant circumstances so as to permit consideration of the modification request. *See Davis, supra.* Our answer is yes.

### IV.

The fourth issue is whether the family court's order terminating the right of Wife to occupy Husband's unsegregated half of the residence and the right of the three children to occupy both Husband's and Wife's halves of the residence and requiring it to be sold constitutes an abuse of discretion. Our answer is no as to Wife's right and yes as to the children's right.

We hold that when the right of the mother and the children to the exclusive use and occupancy of a residence jointly owned by the mother and the father is an unsegregated combination of spousal support and child support, its termination must be justifiable for both. Thus, the question is whether the family court abused its discretion when it terminated the use and occupancy aspects of both the spousal support and the child support. With respect to spousal support, our answer is no.

Under HRS § 580-51 (Supp. 1983) the payor's duty to pay spousal support automatically terminates upon the recipient's remarriage unless the final decree specifies its continuance despite remarriage. Husband argues that the same rule should be applied upon the recipient's cohabitation. We disagree. In a marriage situation the recipient's spouse assumes statutory responsibilities and obligations to the recipient. *See* HRS § 573-7 (1976) and § 580-47 (Supp. 1983). The same is not true in a cohabitation situation. We think the two situations require different rules.

In our view, the recipient's cohabitation is not relevant to the payor's duty to pay spousal support unless the decree specifically makes it relevant by authorizing or requiring a reduction or termination of spousal support upon the recipient's cohabitation. Moreover, since cohabitation is not illegal, its alleged or perceived immorality is not relevant to the payor's duty to pay spousal support.

The effect of a cohabitation situation on the recipient's continu-

ing need for spousal support is relevant. *Sheedy v. Sheedy*, 1 Haw. App. 595, 623 P.2d 95 (1981). In this case, however, there is no evidence in the record as to what effect, if any, the cohabitation had on Wife's financial situation.

Here, the family court found that at the time of the divorce Wife "was enrolled in school and not working" and that the $200 per month spousal support was awarded to Wife "on the premises [sic] that Wife pursue her educational goals." Wife does not challenge these facts or the termination of Husband's obligation to pay her $200 per month. Wife admits that by the time Husband filed his motion she was working full time, earning a gross monthly income of $900, and no longer attending school. These facts preclude us from concluding that the lower court abused its discretion when it terminated the alimony aspect of the use and occupancy of the residence.

With respect to the termination of the child support aspect of the use and occupancy of the residence, however, we conclude that the family court abused its discretion. In the proceedings below, neither the parties nor the family court was concerned with the child support aspect of the use and occupancy. The entire focus was on the spousal support aspect. Consequently, although the record shows that Husband's and Wife's incomes had increased, it does not include pertinent information about the children's needs and interests. More specifically, the record does not show what effect the termination of the children's right under the March 3, 1982 divorce decree to use and occupy the residence would have on them. This information and its consideration are essential before the children's right to use and occupy the residence can be terminated prior to its expiration date.

Although Wife is no longer entitled to occupy Husband's half of the residence as a matter of spousal support, she is the custodial parent of the children who are entitled to occupy it as a matter of child support.

Reversed and remanded for further proceedings consistent with this opinion.

*David A. Nakashima (Hamilton, Gibson, Nickelsen, Rush & Moore* of counsel) for plaintiff-appellant.

*Stephanie A. Rezents (Daniel S. Ukishima* with her on the brief; *Ukishima & Matsubara* of counsel) for defendant-appellee.