CARLA C. BEACH, now known as Carla Beachcomber, Plaintiff-Appellee, *v.* DONN E.G.R. BEACH, Defendant-Appellant

NO. 10148

(FC-D NO. 119054)

OCTOBER 17, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

Defendant Donn E.G.R. Beach (Donn) appeals the family court's August 20, 1984 order dismissing 1) his June 26, 1984 motion to reduce his obligation to pay spousal support from $2,000 per month to $1,000 per month and 2) his June 29, 1984 amended motion to terminate his obligation to pay spousal support.[1] We vacate the August 20, 1984 order insofar as it dismisses Donn's motions.

The issue is whether a divorce decree which orders one party to pay monthly spousal support to the other party "until the death of [the payor], or the death or remarriage of [the payee], whichever should first occur" and which does not explicitly provide that its spousal support order is subject to the further order of the family court is nevertheless subject to the further order of the family court upon a material change in the physical or financial circumstances of either party. Our answer is yes. *See Amii v. Amii,* 5 Haw. App. ___, 695 P.2d 1194 (1985); *Saromines v. Saromines,* 3 Haw. App. 20, 641 P.2d 1342 (1982).

---

[1] In our view, the June 29, 1984 amended motion replaced and supplanted the June 26, 1984 motion.

On August 11, 1981 Donn, as "Husband", and plaintiff Carla C. Beach (Carla), as "Wife", entered into an "Agreement Incident to and in Contemplation of Divorce." In relevant part it states:

VII.

Husband shall pay to Wife, as and for her support and maintenance by way of alimony, during the period commencing September 1, 1981 the sum of $2,000 a month payable on the 1st day of each month until the death of Husband, or the death or remarriage of Wife, whichever should first occur.

This payment shall be accomplished by direct assignment to Wife of the royalties due Husband by ISLAND HOLIDAYS, LTD., a Hawaii corporation, pursuant to a certain license agreement dated January 1, 1973, in the amount of $1,500 per month, payable on the 5th day of every month, beginning September 5, 1981, with Husband to assume liability for and pay any fees, penalties or surcharge for a monthly ac[c]ounting and disbursement by ISLAND HOLIDAYS, LTD., with the express provision that if for any reason, ISLAND HOLIDAYS, LTD., fails to make any payment due or if any such payment is less than the $1,500 specified herein, Husband will immediately pay directly to Wife any amount necessary to fulfill his obligation of $2,000 per month as set forth previously. In addition, Husband will pay to Wife on the 1st day of every month, the sum of $500 by means of automatic deposit directly to an account specified by her.

On April 8, 1982 the family court issued a "Decree of Absolute Divorce." In relevant part it states:

(2) Other matters covered by this decree are as follows:

(a) That the Property Settlement Agreement entered into by and between the parties on August 11, 1981, is hereby approved by the Court and incorporated herein by reference.

*  *  *

(c) That portion of the alimony paid [Carla] by [Donn], pursuant to clause VII, page 6, of the Property Settlement Agreement of August 11, 1981 which has been above-incorporated herein, referencing any royalties due and owing by assignment, shall be deemed to be irrevocable as long as and during the period that alimony is due.

On June 26, 1984 Donn filed a motion and order to show cause

alleging his inability to pay spousal support as ordered in the decree and asking that it be reduced to $1,000 per month.

On June 29, 1984 Donn filed an amended motion and order to show cause asking for the termination of his court ordered obligation to pay spousal support.

On July 17, 1984 Carla filed two motions and orders to show cause. The first asked that Donn be held in contempt and be ordered to give security to have his personal estate sequestered, to have his wages assigned, and to pay Carla's costs and attorney fees. The second asked that his spousal support obligation be increased by the amount of the taxes she is required to pay on the spousal support received.

On July 23, 1984 Carla filed a memorandum in support of her contention that the family court was without jurisdiction to modify Donn's obligation to pay periodic spousal support because the April 8, 1982 divorce decree did not explicitly reserve to the family court the jurisdiction to do so.

All of the above-mentioned motions and orders to show cause were heard on July 26, 1984. On August 20, 1984 the family court issued an order which states in relevant part as follows:

[T]he Court in its discretion having treated [Donn's] Orders to Show Cause After Order or Decree as such or, in the alternative, as a Motion for Relief From Decree or Order pursuant to Rule 60(b)(6) of the Hawaii Family Court Rules without objection from either party and the Court having reviewed the affidavits and legal memoranda in support of and opposition to said Motion for Relief From Decree or Order, having heard the oral argument of counsel, being fully advised in the premises and [Carla's] counsel having made an oral motion to dismiss the aforesaid Orders to Show Cause or, in the alternative, to deny the aforesaid Motion for Relief From Decree or Order;

IT IS HEREBY ORDERED that [Donn's] Motion for Relief From Decree or Order pursuant to Rule 60(b)(6) shall be and the same is hereby denied and [Donn's] Order to Show Cause After Order or Decree and Amended Order to Show Cause After Order or Decree filed herein on June 26 and June 29, 1984, respectively, are hereby dismissed.

IT IS HEREBY FURTHER ORDERED that [Carla's] Order to Show Cause After Order or Decree filed herein on July 17, 1984 shall be and the same is hereby dismissed.

Donn appealed the dismissal of his motions. He did not, however, provide the record on appeal with a transcript of the July 26, 1984 hearing.[2] Carla did not cross-appeal the dismissal of her motion.

Although the August 20, 1984 order does not specify under what rule or upon what basis Carla made her "oral motion to dismiss," we infer that it was made pursuant to the argument she raised in her July 23, 1984 memorandum. For two reasons, we find no merit in that argument.

First, when the family court issued the April 8, 1982 divorce decree, it violated Rule 54(f), Hawaii Family Court Rules (1977).[3]

Second, we construe Hawaii Revised Statutes §§ 580-47 and 572-22 (Supp. 1984) as imposing a per se rule that family court ordered spousal support payable periodically for an indefinite period is subject to the further order of the family court upon a material change in the physical or financial circumstances of either party even if the order does not explicitly so state.

Accordingly, we vacate the family court's August 20, 1984 order insofar as it dismisses Donn's motions and remand for further proceedings consistent with this opinion.

*Christopher D. Ferrara* and *Gary N. Oakes* (*Robinson & Ferrara* of counsel) on the briefs for appellant.

*Robert H. Nakata* (*Brady & Brady* of counsel) on the brief for appellee.

---

[2]According to the family court record, Donn filed a notice of appeal on August 22, 1984. On October 1, 1984 the family court issued an order extending the time to file the record on appeal to October 2, 1984. After the record on appeal was filed on October 2, 1984, Donn, on October 17, 1984 filed a request for a partial transcript of the July 26, 1984 hearing. Donn, however, failed to comply with the requirements of Rule 10, Hawaii Rules of Appellate Procedure. Consequently, the partial transcript was not filed and is not part of the record on appeal.

[3]The last sentence of Rule 54(f), Hawaii Family Court Rules (1977), reads as follows: "Provisions for periodic payments of alimony and/or child support set forth in written agreements between the parties, may be approved but shall be made subject to further order of the court." In August 1982 that sentence was amended to read as follows: "Provisions for periodic payments of alimony for a definite period as set forth in written agreements between the parties may be approved but shall be for a definite period of time or until further order of the court, whichever occurs sooner."