CYNTHIA BLANEY BOULTON, Plaintiff-Appellee, *v.* JAMES FERRIER BOULTON, Defendant-Appellant

NO. 11001

FC-D NO. 9201

DECEMBER 23, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

This is an appeal from a dismissal of a divorce action by the family court, which ruled, pursuant to Hawaii Revised Statutes ("HRS") § 580-56(d) (1976), that it was divested of jurisdiction to make a property division where the parties were granted their divorce more than a year ago. On appeal, Defendant-Appellant James Boulton ("Husband") argues that the family court misapplied HRS § 580-56(d) in dismissing the action, and as so construed violates his right to due process.[1]

I.

In May of 1982, Plaintiff-Appellee Cynthia Boulton ("Wife"), filed a divorce suit. At that time, the couple owned a house in Makawao, Maui, Hawaii ("Makawao property").

---

[1] Husband also argues HRS § 580-56(d) is unconstitutionally vague and violates his right to equal protection of the laws. We find these arguments to be without merit.

In January 1984, Wife moved for a decree of absolute divorce. The court granted the decree, but retained jurisdiction to resolve the division of property issue. Thereafter, the litigants attempted to resolve the property issue, resulting in the exchange of some of the properties held by each of them, but the issue remained unresolved.

The case then lay dormant for over a year, until Husband served a request for production of documents on the Wife. Wife responded with a motion to dismiss the case from the family court based *inter alia* on HRS § 580-56(d). The lower court expressed uncertainty as to the precise meaning of the term "personal estate" in § 580-56(d), but eventually construed the statute's design as to divest the family court of jurisdiction. It dismissed the case on grounds that § 580-56(d) divested the court of jurisdiction.

## II.

The statutory provision central to this dispute reads:
Following the entry of a decree of divorce, or the entry of a decree or order finally dividing the property of the parties to a matrimonial action if the same is reserved in the decree of divorce, or the elapse of one year after entry of a decree or order reserving the final division of property of the party, *a divorced spouse shall not be entitled to* dower or curtesy in the former spouse's real estate, or any part thereof, nor to *any share of the former spouse's personal estate*. (Emphasis added).
HRS § 580-56(d). In construing this provision, we are mindful that our "primary duty . . . in interpreting statutes is to ascertain and give effect to the intention of the legislature which, in the absence of a clearly contrary expression is conclusively obtained by the language of the statute itself." *Stop H-3 Ass'n v. State Department of Transportation*, 68 Haw. ___, ___, 706 P.2d 446, 451 (1985). *Kaiama v. Aguilar*, 67 Haw. 549, ___, 696 P.2d 839, 842 (1985).

Husband argues that the phrase "dower or curtesy" applies to both the "former spouse's real estate" and "former spouse's personal estate." We disagree. The parallel wording of the phrases "to any dower or curtesy in the former spouse's real estate" and "to any share of the former spouse's personal estate" indicates that each

modifies the previous portion of the sentence requiring resolution within one year. Thus, we read the plain wording of the statute to be, "[f]ollowing . . . the elapse of one year after entry of a decree or order reserving the final division of property of the party, a divorced spouse shall not be entitled . . . to any share of the former spouse's personal estate." This accords with the construction given to the statute by our appellate court. *Amii v. Amii*, 5 Haw. App. 385, ____, 695 P.2d 1194, 1198 (1985) (dictum).[2]

### III.

Having determined the one year limitation applies to all entitlements to the former spouse's personal estate, we turn to the issue of whether the term "personal estate" encompasses the Makawao property. Husband argues that the term "personal estate" only refers to a deceased person's hereditament, rather than a living person's property.

Initially, we note that personal estate is nowhere defined in HRS Chapter 580, and presents us with some ambiguity.[3] Without

---

[2] Moreover, this interpretation also accords with proposed, but unenacted changes in this subsection. The House and Senate Conference Committee approved changes to HRS § 580-56(b) and (c) but decided not to change subsection (d).

The measure also proposes to amend the time limit to resolve the deferred issue of property division from one year to six months, after which time the divorced spouse loses entitlement to dower, curtesy, or any share in the spouse's property.

Your Committee upon further consideration has amended the bill by declining to decrease the time period to determine the reserved issue of property division from one year to six months because it finds that six months is too short a period for the Family Court to resolve property issues.

Conf. Comm. Rep. No. 10, in 1983 House Journal, at 774.

[3] However, the term is used in several other sections of Chapter 580; HRS § 580-13 (1976) permits the court to sequester a party's "personal estate" to provide for maintenance and alimony; HRS § 580-25 (1976) permits illegitimate children to inherit from the "personal estate" of both parents; and HRS § 580-56(c) (Supp. 1984) denies a new spouse right to a former spouse's "personal estate." Thus, the term is sometimes used to denote an hereditament and other times a present property interest.

legislative history to guide us in our inquiry,[4] we turn to our own common law. Our court has construed the term "personal estate" in the context of a divorce action to include the property of living persons. *Carter v. Mutual Life Insurance Co.*, 10 Haw. 562, 568-69 (1896). *See also Linson v. Linson*, 1 Haw. App. 272, 278, 618 P.2d 748, 751 (1980) (construing the term "estate of the parties" to include anything of present or prospective value); *Cain v. Cain*, 59 Haw. 32, 37, 575 P.2d 468, 473 (1978); *Takara v. Takara*, 4 Haw. App. 68, 71, 660 P.2d 529, 532 (1983).

We conclude therefore that HRS § 580-56(d) divested the family court of jurisdiction over the Makawao property.

### IV.

Husband also contends that the statute violates state and federal protections of due process. In order to prevail, he must overcome the presumptive constitutionality of the statute. *See Washington v. Fireman's Fund Insurance Co.*, 68 Haw. \_\_\_\_, \_\_\_\_, 708 P.2d 129, 134 (1985), *cert. denied*, \_\_\_\_ U.S. \_\_\_\_, 106 S. Ct. 2890 (1986). Husband has not shown that the statute imposes an unreasonable procedural requirement on the adjudication of his claim. *See Walters v. National Association of Radiation Survivors*, 473 U.S. 305, \_\_\_\_, 105 S. Ct. 3180, 3192 (1985); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S. Ct. 1148, 1158 (1982); *Ramil v. Keller*, 68 Haw. \_\_\_\_, \_\_\_\_, 726 P.2d 254, 260 (1986).

---

[4] Section 1332 of the Civil Code of 1859 was a predecessor to the current section. The 1859 statute provided:

A wife divorced for adultery or other offense amounting thereto, shall not be entitled to dower in her husband's real estate, or any part thereof, nor to any share of his personal estate.

This language remained virtually unchanged until 1955 when the language of "adultery or other offense amounting thereto" was dropped. Revised Laws of Hawaii § 324-45 (1955).

The character of the statute was changed significantly in 1973 by Act 192. The legislature amended the statute to its current language. Act 192, § 1, 1973 Haw. Sess. Laws 333. Nothing in the legislative history indicates the intended meaning of the term personal estate. *See* Hse. Stand. Comm. Rep. No. 618, in 1973 House Journal, at 1045.

## V.

Dissolution of a marriage involves weighing the interests of a number of persons before absolute divorce is granted. *See* Hawaii Family Court Rules, Rule 41(e); *Kiakona v. Kiakona,* 35 Haw. 849, 852-53 (1941). Once the marriage is terminated, however, there is no just reason for delay in the resolution of property issues outstanding between the parties. *See* HRS § 580-56(a); *DeMello v. DeMello,* 3 Haw. App. 165, 168, 646 P.2d 409, 411 (1982).

The decision of the lower court is affirmed.

*William J. Eggers, III,* for Defendant-Appellant.

*Edward F. Mason,* for Plaintiff-Appellee.

### DISSENTING OPINION OF WAKATSUKI, J.

I respectfully dissent.

Although the majority's construction of HRS § 580-56(d) fits with the grammatical structure of the provision, the legislative history clearly indicates that the "dower or curtesy" limitation in HRS § 580-56(d) applies to both the "former spouse's real estate" and the "former spouse's personal estate."

The one-year cut-off provision was first introduced in the 1973 amendment to Rev. Laws Haw. § 324-45 (1955), the predecessor of HRS § 580-56(d). Section § 324-45 was entitled "Forfeiture of dower" and read:

A wife divorced shall not be entitled to dower in her husband's real estate, or any part thereof, nor to any share of his personal estate.

In 1973, the provision was amended to its present form and the bill's standing committee reports stated:

The purpose of this bill is to establish rights of divorced persons to dower and curtesy in their former spouse's estates when the divorce decree does not finally divide the property of the parties.

. . .The divisible divorce, that is where the marriage is dissolved but the other rights of the parties have not been adjudicated, is quite common. Under present law, in the event one party to that divorce were to die before the division of the

property was completed, intervening rights of a new spouse could have attached. This hiatus should be eliminated by statutory enactment.

The proposed language reserves to a former spouse rights to dower and curtesy presently granted by Hawaii Revised Statutes until the entry of a Decree which finally divides the property of the parties to the former marriage. . . .

. . . The bill clearly indicates that this right to dower or curtesy will extend only for a period of one year of the entry of a decree or order reserving the final division of property.

Sen. Stand. Comm. Rep. No. 852, in 1973 Senate Journal, at 967-68; *see* Hse. Stand. Comm. Rep. No. 618, in 1973 House Journal, at 1045.

It is clear, therefore, that the 1973 amendment was directed only at preserving *dower and curtesy rights* in the former spouse prior to property division, and that the one-year period was intended as an outside time limit on those *dower and curtesy rights* only. The time limit was not intended to prevent the former spouse from gaining a share of the other spouse's property in a subsequent division of property. The fact that the title of the pre-1973 statute is "Forfeiture of dower" lends further support to this view.

The majority's application of the "dower or curtesy" phrase to only real estate and not personal estate means that under the pre-1973 statute a wife could not share in any of her husband's property after a divorce decree was entered. In other words, the majority's construction would make property division after the dissolution of the marriage impossible.

Therefore, the one-year cut-off should apply only to dower and curtesy rights in the real and personal estate of the former spouse. Because neither dower nor curtesy is involved here, the lower court improperly dismissed the case.

I would reverse and remand.