JERILYN KREYTAK, Plaintiff-Appellant,
v.
JAMES FRANCIS KREYTAK, Defendant-Appellee.
No. 28535.
Intermediate Court of Appeals of Hawaii.
September 23, 2009.
On the briefs:
Richard Hacker, for Plaintiff-Appellant.
James Kreytak, Defendant-Appellee Pro Se.

SUMMARY DISPOSITION ORDER
NAKAMURA, Chief Judge, FUJISE and LEONARD, JJ.
Plaintiff-Appellant, Jerilyn Kreytak (Ms. Kreytak), appeals from the Family Court of the First Circuit's (Family Court) January 31, 2007 order entitled: "Order Re: (1) Plaintiff's Motion to Correct and Supplement Plaintiff's Motion to Amend Divorce Decree Re: ICA No. 16608; Filed August 14, 2006; Filed October 19, 2006; (2) Plaintiff's Motion to Amend Divorce Re: ICA No. 16608; Filed August 14, 2006; (3) Defendant's Motion to Dismiss Pursuant to Rule 14(b) HFCR; Filed September 15, 2006; (4) Defendant's Motion to Dismiss Pursuant to HRS § 657 and HRS § 580-56(d); Filed October 6, 2006; and (5) Defendant's Motion for Sanctions Pursuant to Rule 11, HFCR; Filed October 6, 2006" (Post-Decree Order).[1]
On appeal, Ms. Kreytak raises the following points of error:
1) The Family Court erred in granting her ex-husband James Kreytak's (Mr. Kreytak's) Motion to Dismiss pursuant to Hawai'i Revised Statutes (HRS) § 580-56(d);
2) The Family Court erred in granting Mr. Kreytak's Motion to Dismiss pursuant to Hawaii Family Court Rules (HFCR) Rule 41(b);
3) The Family Court erred in granting Mr. Kreytak's Motion to Dismiss pursuant to HFCR 41(b) because it revived the Family Court's October 26, 1992 vacated property division award; and
4) The Family Court erred in granting Mr. Kreytak's Motion to Dismiss pursuant to HRS § 657.
Upon a thorough review of the record and the briefs submitted by the parties, and having duly considered the issues and arguments raised on appeal, as well as any authorities relevant thereto, we resolve Ms. Kreytak's contentions as follows:
Divorce cases in Hawai'i have four discrete parts: (1) the decree of divorce; (2) child custody, visitation and support; (3) spousal support; and (4) division and distribution of property and debts. Eaton v. Eaton, 7 Haw. App. 111, 748 P.2d 801 (1987).
The Supreme Court of Hawai'i has held that when a family court acquires jurisdiction to determine parts (1) and (4), one year after part (1) is determined, HRS § 580-56(d) divests the family court of jurisdiction to determine part (4).[2] Boulton v. Boulton, 69 Haw. 1, 730 P.3d 338 (1986). In Boulton, the family court entered a decree of divorce in January 1984, but retained jurisdiction to divide and distribute the parties' property. Boulton, 69 Haw. at 3, 730 P.2d at 339. The parties attempted to settle the property issues, but were unable to do so. Id. Subsequently, no action was taken on the case for over a year. The Supreme Court of Hawai'i interpreted HRS § 580-56(d) to mean that the family court could not divide the "personal estate" of the parties after the lapse of the one-year statutory period.[3] Id.
The dispositive issue in the divorce case now before us is whether the Family Court still had jurisdiction over the Kreytaks' part (4) property division issues in 2006. The Family Court correctly concluded that it did not. The Family Court decided parts (1) and (4) when it entered a decree of divorce and divided and distributed the parties' property and debts on October 26, 1992. Ms. Kreytak filed a timely appeal on November 10, 1992. On December 2, 1996, this court entered a judgment on Ms. Kreytak's appeal, vacating part (4) of the October 26, 1992 divorce decree and remanding the case to the Family Court for further proceedings.
This court has previously held that the one-year period in HRS § 580-56(d) is tolled from the filing of a notice of appeal until an entry of judgment by the appellate court. Todd v. Todd, 9 Haw. App. 214, 220, 832 P.2d 280, 283 (1992). Thus, in this case, the one-year statutory period did not run between November 10, 1992 and December 2, 1996.
After the case was remanded to the Family Court, no action was taken until August 14, 2006, which was long after the one-year statutory period had run. Since more than one year has passed since the Family Court decided part (1), the Family Court was divested of jurisdiction to determine part (4) under HRS § 580-56(d), as interpreted in Boulton. This does not, of course, revive the vacated part of the 1992 divorce decree dividing the Kreytaks' property and debts. However, it necessarily determines the outcome of this appeal and we need not address the further issues raised on appeal.[4]
For this reason, the Family Court's January 31, 2007 Post-Decree Order is affirmed.
NOTES
[1] The Honorable Christine E. Kuriyama presided.
[2] HRS § 580-56(d) (2006) provides:

(d) Following the entry of a decree of divorce, or the entry of a decree or order finally dividing the property of the parties to a matrimonial action if the same is reserved in the decree of divorce, or the elapse of one year after entry of a decree or order reserving the final division of property of the party, a divorced spouse shall not be entitled to dower or curtesy in the former spouse's real estate, or any part thereof, nor to any share of the former spouse's personal estate.
[3] In Boulton, the supreme court interpreted "personal estate" within HRS § 580-56(d) to mean the "property of living persons." 69 Haw. at 3, 730 P.2d at 340.
[4] As noted by Justice Wakatsuki in dissent, the Boulton majority provides no guidance as to how property is to be divided after the one-year period has expired. 69 Haw. at 7, 730 P.2d at 341