MARY FRANCES SHEEDY, Plaintiff-Appellant, *v.* JOHN AUSTIN SHEEDY, Defendant-Appellee

NO. 6812

FEBRUARY 5, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

Plaintiff-Wife appeals the divorce decree, but she does so only on two specific grounds. First, she contends that the lower court should not have divided her separate property. We disagree. Second, she contends that the lower court should not have considered evidence of her sexual conduct. We find that the record does not contain any evidence of such conduct by wife.

I.

The parties married in 1946 after husband graduated from medical school.

In 1968, husband's father created a revocable life insurance trust, one-half for husband and one-fourth for each of the parties' two children. He also executed a will naming the trust as beneficiary.

On May 2, 1973, wife filed for a divorce. On October 12, 1973, husband's father amended his trust by giving one-half to one child, one-fourth to the other child, and one-fourth to wife. On January 31, 1974, pursuant to stipulation, the court dismissed wife's divorce action without prejudice.

In July 1974, husband's father commenced residence with the parties. On October 26, 1975, he suffered a stroke and thereafter neither spoke nor understood. He died on November 21, 1976 at Maunalani Hospital.

On January 23, 1976, wife again filed for divorce and the decree of absolute divorce involved in this appeal was issued on September 14, 1977.[1]

The lower court awarded the assets of the parties approximately half to husband and half to wife. In so doing, it included in the total assets $39,000.00 which, prior to the commencement of the first divorce action, husband had spent without wife's knowledge to bring the family of a deceased Vietnamese friend into the United States. Thus, in effect, husband was required to reimburse wife $19,500.00.

The lower court also included in the total divisible assets $10,000.00 which wife was about to receive from husband's father's probate estate through the trust and $4,500.00 which she was about to receive directly from the trust. Thus, in effect, husband was awarded one-half of wife's inheritance.

Wife cites *Richards v. Richards*, 44 Haw. 491, 355 P.2d 188 (1960), as requiring the spouse who wishes to assert a claim against a specific item of separate property to produce evidence of a contribution by that spouse to the accumulation of said separate property. We disagree. In *Richards*, the

---

[1] *Hawaii Family Court Rules*, effective February 15, 1977, require that "upon notice of appeal filed with the court, the court shall enter its findings of fact and conclusions of law where none has been entered". The lower court did not comply with the rule. However, neither party has objected. We find enough information on record to allow us to decide this appeal without findings.

court held that the wife did not establish a meritorious claim to any property, joint or separate, other than household paraphernalia.

As did the court in *Richards*, we perceive a distinction between (a) taking the existence and value of an item into account in deciding what proportions and how much value each party should be awarded and (b) in actually dividing or distributing various items.

In this case, wife's complaint does not concern the fact that the item was divided in kind. Since the inheritance was cash, a fungible item, wife has no basis to complain of a division in kind. Wife complains because her inheritance from husband's father was taken into account in deciding how much value each should be awarded. She complains because, in effect, husband was awarded one-half the value of her inheritance from his father.

Hawaii Revised Statutes (HRS) § 580-47 (1976), as amended, clearly provides that the family court in divorce cases may divide and distribute all property of either or both parties subject only to the qualification that the division and distribution shall be just and equitable.

Therefore, the award to husband of one-half the value of wife's inheritance from his father's estate is not to be viewed in isolation. Rather, it must be viewed as an integral part of the entire division and distribution. Upon review of the record, we conclude that the lower court acted well within its allowable discretion in dividing and distributing the property the way it did.

II.

Contrary to wife's allegation, the lower court did not consider evidence of wife's sexual conduct in deciding how to divide and distribute property. The entire record never mentions wife's sexual conduct, if any. There was, however, evidence of wife's relationship to an adult male friend which began when wife testified, without objection, that she was living with an adult male friend who was paying part of the cost of the home. Since wife was asking for periodic alimony,

there is no question that this evidence was relevant and appropriate.

Thereafter, husband testified that in December 1975 wife and her adult male friend informed him that wife planned to get a divorce and they planned to be married. Wife objected after husband uttered this testimony and the objection was overruled.

We conclude that the lower court properly received this evidence under "the condition in which the parties will be left by the divorce" category specified in HRS § 580-47 (1976) and under the "prospects for remarriage" subcategory mentioned in *Carson v. Carson*, 50 Haw. 182, 436 P.2d 7 (1967).

There may be situations where the introduction of such evidence is carried too far or given too much weight, but this is not such a situation. In the context of this case, the introduction and consideration of the questioned evidence did not constitute reversible error.

Affirmed.

*Ian L. Mattoch*, on the briefs, for plaintiff-appellant.

*A. Peter Howell and Henry F. Beerman*, on the brief, for defendant-appellee.