YUKIYO TAKARA, Plaintiff, Cross-Defendant/Appellee, *v.* THOMAS KEN TAKARA, Defendant, Cross-Plaintiff/ Appellant

NO. 8548

(FC-D NO. 117143)

MARCH 14, 1983

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE CHUN IN PLACE OF ASSOCIATE JUDGE TANAKA, RECUSED

OPINION OF THE COURT BY BURNS, C.J.

In this divorce case, defendant, cross-plaintiff/appellant Thomas Ken Takara (Husband) appeals the division of property and contends that plaintiff, cross-defendant/appellee Yukiyo Takara (Wife) was awarded too much. Finding no manifest abuse of the family court's wide discretion in such matters, we affirm the lower court's decree.

The parties commenced living together in February 1977. They were married on March 3, 1978.

Prior to 1977, Husband inherited 914-A Coolidge Street, 1103 Tenth Avenue, and one-half of 3579 Waialae Avenue. In August 1978, Husband conveyed 914-A Coolidge Street and 1103 Tenth Avenue to Husband and Wife as tenants by the entirety.

During the marriage, the parties purchased 1326 Seventh Avenue as tenants by the entirety and constructed a home thereon.

The comparative values of the properties at the date of marriage (or at the date of acquisition if acquired thereafter) and at the time of divorce[1] are as follows:

| Property | 3/78 Value (or cost if acquired thereafter) | 11/80 Value | 11/80 Debt |
|---|---|---|---|
| 1326 Seventh Avenue | 170,000 | 200,000 | 130,000 |
| 1103 Tenth Avenue | 102,500 | 160,000 | -0- |
| 914-A Coolidge Street | 150,000 | 250,000 | -0- |
| One-half of 3579 Waialae Avenue | 212,500 | 300,000 | -0- |

Section 580-47, Hawaii Revised Statutes (HRS), as amended by Act 77, 1977 Legislature, provides in relevant part:

§ 580-47 Support orders, division of property. (a) Upon granting a divorce, the court may make such further orders as shall appear just and equitable; * * * (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate; and (4) allocating, as between the parties, the responsibility for the payment of the debts of the parties whether community, joint, or separate, and the attorney's fees, costs, and expenses incurred by each party by reason of the divorce. In making such further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case. * * *

Wife was willing to give up her claims to the real estate in exchange for an award of 1103 Tenth Avenue, but Husband did not want wife to be awarded any of the real estate. His counsel argued:

---

[1] Wife filed for a divorce on July 17, 1980. The divorce decree was filed on May 29, 1981. The decree dividing property was filed on August 5, 1981.

Plaintiff's case and claim for "appreciation" as "property" is one of first impression. Suppose that, during marriage, instead of appreciation, there was "depreciation". Would a divorce court divide depreciation? Defendant submits that Plaintiff has no meritorious claim to Defendant's property as a result of marriage because she did not contribute to the acquisition, accumulation and preservation of the property and that Plaintiff also, as a consequence, has no meritorious claim to the appreciation in value of such property since there was no contribution made by her to the acquisition, accumulation and preservation of such "appreciation" in value.

The lower court awarded to Husband 914-A Coolidge Street, 1326 Seventh Avenue, and his one-half interest in 3579 Waialae Avenue. It awarded 1103 Tenth Avenue as follows:[2]

(4) Both parties shall retain their interest in the property at 1103 Tenth Avenue as tenants in common, provided that wife shall be entitled to exclusive rights of use and possession and to receipt of rentals from the property through December 31, 1985. Wife shall be responsible for the maintenance of the property in a habitable condition. Wife may purchase husband's interest in the property by tendering to him at any time prior to December 31, 1985 $80,000.00 for his half-interest in the property. From and after January 1, 1986, either party may purchase the interest of the other by tendering to the other one-half of the then fair market value of the property.

Husband appeals and contends, *inter alia:*[3]

---

[2] Thereafter, in response to Husband's motion, the lower court stayed, pending appeal, the effect of paragraph "(4)" as follows:

[Wife] shall be entitled to occupancy of the rental unit of her choice at 1105 [sic] Tenth Avenue, Honolulu, upon expiration of the required notice to the present tenant, and [Husband] shall thereafter allow [Wife] unobstructed and peaceful possession of said unit. [Husband] may collect the rentals from the tenants of the other two units on the property, may retain for his own use an amount equal to the rental charged on November 20, 1981 for the unit occupied by [Wife], and shall place the balance of rentals collected in a trustee account from which he shall pay the taxes and necessary repairs for all three units as well as utilities to the same extent he paid utilities on the three units in the past.

[3] Husband's other contentions do not merit discussion.

1. The Court erred in awarding Defendant's property to Plaintiff in a property division.

\*   \*   \*

7. The Court erred in framing an inequitable and unenforceable decree.

Clearly, the lower court had the power to distribute Husband's separate property to Wife. HRS § 580-47, *supra; Cain v. Cain,* 59 Haw. 32, 575 P.2d 468 (1978).

In *Raupp v. Raupp,* 3 Haw. App. 602, 658 P.2d 329 (1983), we stated that as a general rule it is equitable to award to each divorcing party the net value of his or her premarital property as of the date of marriage. In this case, however, during the marriage, Husband gave Wife joint title of two of Husband's three premarital properties. As to these jointly owned properties, another rule applies: As a general rule, it is equitable to award each party one-half of the net value of property jointly owned at the time of the divorce.

With respect to the increase in value of Husband's separately owned half interest in 3579 Waialae Avenue, which accrued between the date of marriage and the time of divorce, there is no general rule. That increase in value is, however, a separately identifiable item to be awarded in the division of property upon consideration of all of the circumstances of the case. *Takaki v. Takaki,* 3 Haw. App. 189, 647 P.2d 726 (1982).

In this case, the lower court, in its discretion, decided not to award to Wife the values calculated by application of the general rule governing jointly owned property. Instead, it considered that Husband was the donor of Wife's interest in two of the properties, that less than two and one-half years elapsed between the date of the marriage and the complaint for divorce, and the other relevant circumstances of the case and awarded Wife much less—only one-half of 1103 Tenth Avenue and five years to buy out Husband's half at the market value at the time of divorce.

Upon review of the record, we conclude that the lower court's division of property does not constitute a manifest abuse of its wide discretion in such matters. *Ahlo v. Ahlo,* 1 Haw. App. 324, 619 P.2d 112 (1980). *A fortiori* we find its decree to be neither inequitable nor unenforceable.

72

Affirmed.

*Leon L. M. Chun* for appellant.

*Earl S. Robinson* (*Percy K. Mirikitani* with him on the brief) for appellee.