BARBARA D. CASSIDAY, Respondent-Appellant, *v.* BENJAMIN B. CASSIDAY, Petitioner-Appellee

NO. 9598

(FC-D NO. 114409)

MARCH 18, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Respondent-Appellant Barbara D. Cassiday (Wife) appealed from a decree of divorce that awarded her a smaller share of the marital estate and less spousal support than she initially had sought. She contended

that the family court abused its discretion when it failed to award her one-half of all the during-marriage appreciation of non-personal property owned by her husband, Petitioner-Appellee Benjamin B. Cassiday (Husband). The Intermediate Court of Appeals agreed and reversed.

We granted certiorari to review the general rule articulated by the intermediate court that it is equitable to award each party half of the during-marriage real appreciation of property separately owned at the time of the marriage or subsequently received through gifts or inheritance and still separately owned at divorce (hereinafter referred to as "separate properties", even though they are part of the marital estate).

We agree that the trial court abused its discretion in failing to award Wife a share of the during-marriage appreciation of Husband's separate properties. However, we decline to adopt the general rule that it is equitable to award her half of that appreciation.[1]

I.

We adopt the comprehensive statement of facts set forth by the intermediate court. Briefly, the pertinent facts are as follows:

On December 27, 1979, after thirty years of marriage, Wife filed a complaint for divorce from Husband, a retired brigadier general in the United States Air Force.[2]

At the time of their 1949 marriage, Husband was an Air Force major who owned several parcels of real property along Kalanianaole High-

---

[1]The intermediate court also set forth a formula for the division of cash retirement benefits. We agree with this formula, which states:

As a general rule, when dividing one divorcing party's right to cash retirement benefits, it is equitable to award the other party a percent of the gross cash benefits and to make the award distributable as and when the cash benefits are received. [Citation omitted]. As a general rule, the percent awarded should be one-half of the percent derived by dividing the number of years credited to retirement during the marriage by the total number of years credited to retirement. As a general rule, the award should be structured so that each divorcing party is solely liable for the income taxes due with respect to the gross cash benefits distributed to him or her.

The intermediate court also held that the trial court had abused its discretion by failing to consider the tax liabilities on its award of spousal support. We agree that as a rule, the trial court must consider the tax consequences on awards of spousal support and see no reason to discuss it further here.

[2]The family court issued its decree on July 19, 1983.

way.[3] These parcels had tax assessed values ranging from approximately $6,500 to approximately $13,700.[4] Husband maintained these properties in his own name throughout the marriage and apparently used only his non-marital assets to pay the obligations on them. Except for her participation in the refurbishing of the house at 5699 Kalanianaole Highway, the trial court found that Wife did not directly contribute to the maintenance or financing of these separate properties.

During the marriage, Husband acquired several additional properties through gifts from his mother and inheritance. Among the gifts were a 25% interest in property at 5621 Kalanianaole Highway[5] and 25% interest in Hawaii Loa Ridge. Husband sold the Hawaii Loa interest and invested in several limited partnerships and neighbor island properties.[6]

At the time of the divorce, Husband's separate properties had increased substantially in value. For example, Wife claimed that the property at 5699 Kalanianaole Highway had a net value at divorce of $727,500 and the property at 5691 Kalanianaole Highway had a net value of $444,000.

Except for the family residence and an Aspen, Colorado condomin-

---

[3]Husband deeded two-thirds of the property at 5691 Kalanianaole Highway to their two children in 1976, retaining a one-third interest at the time of divorce. Husband sold the property at 5687 Kalanianaole Highway in 1973 on an agreement of sale. At the time of divorce, the balance due was $70,000. Husband still owned the property at 5699 Kalanianaole Highway at the time of divorce.

[4]The intermediate court noted that in 1949, the tax assessed value was no more than 60 percent of the fair market value, but that the fair market value for tax purposes was often much lower than the actual fair market value.

[5]This property was owned by Husband but was used as the family residence from 1973 until their separation in 1979. In 1981 Husband inherited the remaining three-fourths interest.

[6]Husband paid the $18,000 gift tax on the Hawaii Loa property with funds from "loan mil pay savings rental returns from Niu Beach[.]" The subsequent investments in Partners of Hawaii XXII, XXIII and XXIV totaled $364,000 and were placed in joint ownership "by mistake." The trial judge divided these interests evenly. Husband purchased interests in properties in Kona and on Maui, apparently using only non-marital property to pay the property-related obligations.

ium used for "family purposes,"[7] the trial court awarded all of the separate properties to Husband.

From this award, Wife appealed and the intermediate court reversed.

## II.

Husband contends that because his separate properties were acquired through family gifts or inheritance; were separately maintained with non-marital assets and without any contribution of time, effort or money from wife; and were still separately owned at the time of divorce, the trial court did not abuse its discretion in awarding these properties exclusively to him. We disagree.

Hawaii Revised Statutes (HRS) § 580-47(a)(3) (Supp. 1984) vests in the trial court the discretion to divide all of the property of the parties, whether community, joint or separate according to what is "just and equitable."[8] *Sheedy v. Sheedy,* 1 Haw. App. 595, 623 P.2d 95 (1981);

---

[7]The family residence at 5621 Kalanianaole Highway was awarded to Husband, but he was required to pay Wife one-fourth of its increase in value from 1973 through 1980, or $73,500. The Aspen condominium was in Husband's name. Part of the purchase price came from Husband's military pay. The court ordered it sold and the net proceeds divided evenly. A jointly owned Yacht Harbor Tower condominium was acquired in trade for a house that Husband had previously purchased with non-marital property and income therefrom. The apartment was awarded to Wife subject to the mortgage, but its net value was divided equally. Jointly owned North Carolina property was ordered sold and the proceeds divided evenly. Husband was awarded his interest in a partnership named Miralani Business Park Co.

[8]HRS § 580-47(a) (Supp. 1984) provides in pertinent part:

Support orders; division of property. (a) Upon granting a divorce, or thereafter if, in addition to the powers granted in (c) and (d) of this section, jurisdiction of such matters is reserved under the decree by agreement of both parties or by order of court after finding that good cause exists, the court may make such further orders as shall appear just and equitable (1) compelling the parties or either of them to provide for the support, maintenance, and education of the children of the parties; (2) compelling either party to provide for the support and maintenance of the other party; (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether comunity, joint, or separate; and (4) allocating, as between the parties, the responsibility for the payment of the debts of the parties whether community, joint, or separate, and the attorney's fees, costs, and expenses incurred by each party by reason of the divorce. In making such further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case. . . .

*Brown v. Brown,* 1 Haw. App. 533, 621 P.2d 984 (1981). This includes the discretion to award separate property to the non-owning spouse. *Takara v. Takara,* 4 Haw. App. 68, 660 P.2d 529 (1983); *Takaki v. Takaki,* 3 Haw. App. 189, 647 P.2d 726 (1982).

In *Takara,* the intermediate court held specifically that the appreciation of property separately .owned at the time of marriage or acquired during the marriage by gift or investment and still separately owned at the time of divorce was a marital asset subject to division after consideration of all the relevant circumstances of the case. *Id.* at 71, 660 P.2d at 532.

In *Ahlo v. Ahlo,* 1 Haw. App. 324, 619 P.2d 112 (1980), that court recognized that the source of the asset is but one of the "circumstances of the case," as is a spouse's positive or negative effect on the accumulation or preservation of the separate property of the spouse. *Horst v. Horst,* 1 Haw. App. 617, 623 P.2d 1265 (1981). At the same time, this court has long recognized that undue emphasis on any particular factor is an abuse of discretion. *Carson v. Carson,* 50 Haw. 182, 436 P.2d 7 (1967).

These decisions are consistent with the time honored proposition that marriage is a partnership to which both partners bring their financial resources as well as their individual energies and efforts.[9] That one partner brings to the marriage substantially greater assets than the other does not make this any less the case.

On the facts before us, we agree that the trial court abused its discretion by placing undue emphasis on the source of the asset and on Wife's lack of direct participation in the financing and maintenance of these assets. While these factors are important and must be considered on remand, we find that the trial court failed to take into account the extent to which the marriage *in and of itself* affected the accumulation or preservation of Husband's separate properties.

We particularly note that this was a marriage of some thirty years during which Husband was able to rise from the rank of major to that of brigadier general. Wife had no career of her own. The record shows that for many years she performed the social obligations of a high ranking officer's wife, followed Husband to various overseas duty stations and

---

[9]*See* Kastely, *An Essay in Family Law: Property Division, Alimony, Child Support, and Child Custody,* 6 Haw. L. Rev. 381, 390-91 (1984).

raised their two surviving children.

We further note that Husband's high rank and successful military career provided the marital unit with financial well being such that it was unnecessary for him to deplete his own separate properties. On the contrary, the clear record before us shows that these properties flourished during the marriage. To the extent that Wife contributed to the advancement of Husband's military career and thus made it unnecessary for him to draw upon his own resources, the trial court abused its discretion by not allowing her to share in those assets she helped to preserve.

### III.

Having decided that Wife is entitled to share in the appreciation of Husband's separate properties, we now consider whether she is entitled to half of that appreciation. The intermediate court concluded that she is. It held that:

> As a general rule, it is equitable to award each divorcing party one-half of the after acquisition but during marriage real increase in the net value of property separately owned at the [time of marriage] or acquired during the marriage by gift or inheritance and still separately owned at the [time of divorce].

The effect of such a rule is to create a rebuttable presumption that separate property should be evenly divided. However, we do not agree that judges should be bound by any rule that automatically presumes a fifty-fifty split, and we therefore decline to follow this one.

Again we must note that HRS § 580-47 gives to the family court the discretion to divide marital property according to what is just and equitable. *Au-Hoy v. Au-Hoy,* 60 Haw. 354, 590 P.2d 80 (1979). The legislature recognized, as do we, that each divorce must turn on its own facts. An equal division of the marital estate may be wholly equitable in one circumstance and grossly unfair in another. This is no less true when the asset being divided is separate property. For this reason, we have in the past declined to adopt fixed rules for determining the amount of property to be awarded to each spouse in a divorce action, other than as set forth in HRS § 580-47, and we decline to do so again today. *See Au-Hoy,* 60 Haw. at 357, 590 P.2d at 82 (1979).

In determining the percentage of during-marriage appreciation to be awarded to the non-owning spouse, the trial court must consider the

same factors and equities as with any other marital asset. HRS § 580-47 requires that the trial court "take into consideration the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, and burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case." In *Carson,* 50 Haw. at 187, 436 P.2d at 11, we noted that "all other circumstances of the case" included "all other matters which would have a bearing on the division and distribution of property."

In dividing the appreciation of separate properties, we recognize that other unique factors may come into play. These include, but certainly are not limited to the length of the marriage, the separate financial contribution of each party to the upkeep of those assets, and the involvement, direct or indirect, in the management and maintenance of them.

We have already indicated that the trial court abused its discretion when it failed to give credit to the Wife for her contribution to the marriage itself. Whether this indirect contribution merits an equal division of during-marriage appreciation of Husband's separate assets is a matter for the trial court. For example, any party who has squandered the family resources would not generally be entitled to the same percentage of the appreciation as is one who has contributed the effort and resourcefulness required of a responsible member of any economic partnership.

Rather than adopting a general rule that it is equitable to divide equally the appreciation of separate properties, we hold instead that the trial court may award up to half of this appreciation to the non-owning spouse if, under the totality of the circumstances, it is just and equitable to do so. The trial court also may determine that a lesser award, or no award, is in order.

Thus, a trial court's failure to award even a small percentage of the during-marriage appreciation of separate assets to the non-owner does not necessarily constitute an abuse of discretion. In *Au-Hoy,* we affirmed a trial court decision awarding a husband's separate property exclusively to him. In that case, each party during the marriage had worked, kept separate bank accounts, and generally paid for their own separate needs. We agreed with the trial court when it concluded that "[w]here the parties, throughout their marriage, have treated their earnings separately, maintained separate expenses and accumulated

separate estates, it is within the discretion of the Court to allow each to keep his or her separate estate where such award is fair and equitable under all circumstances." *Au-Hoy,* 60 Haw. at 358, 590 P.2d at 83.

This is not the situation before us here.

### IV.

It is generally accepted that each divorcing party is entitled to the date of marriage net value of his or her premarital property and the date of acquisition net value of gifts and inheritances which he or she received during the marriage. *Raupp v. Raupp,* 3 Haw. App. 602, 658 P.2d 329 (1983). In computing the net value of these assets and the subsequent during-marriage appreciation of them, the intermediate court used the Consumer Price Index to adjust for inflation. We find it unnecessary to set forth a hard and fast rule regarding the use of the Consumer Price Index. We merely find that adjusting for inflation is within the sound discretion of the trial court.

The decision of the Intermediate Court of Appeals is affirmed in part and reversed in part and this case is remanded to the family court for further proceedings consistent with this opinion.

*Wallace S. Fujiyama, Miles B. Furutani (Fujiyama, Duffy & Fujiyama,* of counsel); and *Daniel S. Ukishima, Jay T. Suemori (Ukishima & Matsubara,* of counsel) for the writ and on the brief for Petitioner-Appellee.

*Charles R. Kozak* on the answer and *Charles R. Kozak* and *Charles S. Gerdes* on the brief for Respondent-Appellant.