MICHAEL L. MALEK, Plaintiff-Appellant, *v.* LORAYN TIFFANY MALEK, Defendant-Appellee

NO. 12924

(FC-D 86-0231)

JANUARY 26, 1989

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C. J.

Plaintiff Michael L. Malek (Husband) appeals the family court's December 7, 1987 Divorce Decree; the December 7, 1987 Supplemental Decision and Order; and the March 7, 1988 Order Denying, in Part, and Granting, in Part, Motion for Reconsideration. We affirm.

Although Husband contests specific findings of fact, conclusions of law, and the division and distribution of property, his counsel failed to comply with the mandates of Rule 28(b)(4) of the Hawaii Rules of Appellate Procedure. Appropriate sanctions will be imposed should counsel in the future fail to prepare briefs in conformity with the rules.

Husband has been living on Maui since June 1, 1975. He first met defendant Lorayn Tiffany Malek (Wife) in California in March 1982. They were married on April 29, 1984, and their son was born on June 10, 1984. Husband and Wife separated in contemplation of divorce on May 15, 1986. The trial commenced on August 28, 1987 and concluded on September 2, 1987.

The only major asset involved in this divorce is Husband's lease of a two-acre parcel of land in Ulumalu, Makawao, Maui, and the house on it. Both are unencumbered. The lease began on March 18, 1980 and terminates on March 17, 2010. In relevant part, the lease provides:

> 4. *Use of Property.* Lessee agrees that the demised property shall be used only for residential and farming purposes.

> \* \* \*

> 11. Lessee shall not assign this Lease or any interest therein or any right thereunder, or sublet any portion or portions of the demised premises.

The family court valued Husband's unencumbered land lease and improvements as follows:

| | |
|---|---|
| March 1, 1982 | $ 92,000 |
| May 1, 1984 | $113,000 |
| May 1, 1986 | $115,000 |

The family court awarded Wife 50 percent of the $2,000 increase in value between May 1, 1984 and May 1, 1986 and 5 percent of the $113,000 value on May 1, 1984. Thus, it awarded $6,650 to Wife and $108,350 to Husband.

It appears that Husband's points on appeal are:

I.  The family court's valuations of Husband's land lease and improvements are clearly erroneous.

II.  The family court's conclusion that Husband and Wife commenced an "economic partnership" on December 24, 1982 is wrong.

III. The family court's award to Wife of more than one-half of the $2,000 increase in the value of Husband's land lease and improvements from May 1, 1984 to May 1, 1986 is an abuse of discretion.

Upon a review of the record, we disagree with all three of Husband's points.

## I.

The family court's valuations of Husband's land lease and improvements are supported by substantial evidence in the record. Moreover, we do not have a definite and firm conviction that a mistake has been made. Therefore, the valuations are not clearly erroneous. *Yorita v. Okumoto,* 3 Haw. App. 148, 643 P.2d 820 (1982).

## II.

Wife testified that six days after she and Husband met in California in March 1982, she came to Maui and lived with him. Wife returned to California in August 1982. On December 24, 1982 Wife permanently moved in with Husband on Maui. They cohabited but were not betrothed. Wife was not employed. Husband was self-employed and actively involved in upgrading his house. Wife assisted him. Husband provided all of the financial support for the couple. Husband contends that "[t]hese facts cannot, under any circumstances be sufficient to establish the sort of partnership which can lead to the distribution of property. Cohabitation alone would then suffice to create an economic or domestic partnership. The palimony cases require a great deal more."

Husband errs when he confuses this case with a palimony case. Here, premarital cohabitation matured into marriage. When the parties thereafter divorced, the family court, in the exercise of its duty to divide and distribute property in divorce cases, allowably considered their respective contributions to Husband's separate property during both their premarital cohabitation and subsequent marriage.

## III.

Husband states that "[n]o Hawaii appellate court has ever expressly held that separately owned premarital property is part of the 'estate of the parties' and, therefore, subject to division pursuant to" law. He further states that "[t]here is no explicit authority permitting the division of the appreciated value of separately owned premarital assets in divorce cases." Both statements are wrong. "[T]he phrase 'estate of the parties' as it is used in HRS § 580-47 means anything of present or prospective value," *Linson v. Linson,* 1 Haw. App. 272, 278, 618 P.2d 748, 751 (1980), owned by either or both of the parties on the date of the conclusion of the evidentiary part of the trial (DOCOEPOT). *See Myers v. Myers,* 70 Haw. ____, 764 P.2d 1237 (1988). The appreciated value of separately owned premarital assets is a combination of categories 1 and 2 net market values (NMVs). *Woodworth v. Woodworth,* 7 Haw. App. ____, 740 P.2d 36 (1987). When dividing and distributing property, the family court may award no more than 50 percent of the NMVs in categories 1, 2, 3 or 4 to the nonowner spouse. *Woodworth v. Woodworth, supra.*

Husband argues that the family court "has no authority to distribute property before the economic partnership even existed." What he is really saying is that the family court cannot consider anything that happened before the parties were legally married. We disagree. The family court's discretion when dividing and distributing property and debts in divorce cases is not so restricted.

In a progression of divorce cases from *Raupp v. Raupp,* 3 Haw. App. 602, 658 P.2d 329 (1983), to *Woodworth v. Woodworth,* 7 Haw. App. ____, 740 P.2d 36 (1987), this court has developed five separate categories of net market values,[1] uniform starting points (USP)

---

[1] In *Myers v. Myers,* 70 Haw. ____, 764 P.2d 1237 (1988), the supreme court disagreed with part of *Woodworth* and decided (1) that the critical date is not the date of final separation in contemplation of divorce (DOFSICOD); (2) that the critical date is the date of the conclusion of the evidentiary part of the trial (DOCOEPOT); and (3) to abolish category 6. The supreme court expressly did not pass judgment on categories 1, 2, 3, 4, and 5. *Id.* at 1244, n. 9. Thus, the following five categories remain in effect:

Category 1. The net market value (NMV), plus or minus, of all property separately owned by one spouse on the date of marriage (DOM) but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party.

for dividing and distributing each category, and various standards and rules defining the family court's authorized range of discretionary equitable choice when dividing each category. The uniform starting points preclude the use of non-uniform starting points, and no more than 50 percent of the net market values in categories 1, 2, 3 and 4 may be awarded to the nonowner spouse. *Woodworth, supra.* These developments have occurred pursuant to the authority of the Hawaii appellate courts to review the decisions of the Hawaii family courts for compliance with the mandates of HRS § 580-47 (Supp. 1987) and other applicable law.

Here, the $113,000 net market value of Husband's land lease and improvements on May 1, 1984 is a category 1 NMV. The USP for dividing that value is 100 percent to Husband and zero percent to Wife. *Woodworth, supra.* The $2,000 increase in the NMV of Husband's land lease and improvements from May 1, 1984 to May 1, 1986 is a category 2 NMV. The USP for dividing that value is 75 percent to Husband and 25 percent to Wife. *Woodworth, supra.* There is no evidence that the value of Husband's land lease and improvements changed from May 15, 1986 to September 2, 1987.

---

Category 2. The increase in the NMV of all property whose NMV on the DOM is included in category 1 and that the owner separately owns continuously from the DOM to the DOCOEPOT.

Category 3. The date-of-acquisition NMV, plus or minus, of property separately acquired by gift or inheritance during the marriage but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party.

Category 4. The increase in the NMV of all property whose NMV on the date of acquisition during the marriage is included in category 3 and that the owner separately owns continuously from the date of acquisition to the DOCOEPOT.

Category 5. The difference between the NMVs, plus or minus, of all property owned by one or both of the spouses on the DOCOEPOT minus the NMVs, plus or minus, includable in categories 1, 2, 3 and 4.

No part of the NMV of a property is a category 2 value unless the NMV of that property on the DOCOEPOT exceeds its NMV on the DOM. Likewise, no part of the NMV of a property is a category 4 value unless the NMV of that property on the DOCOEPOT exceeds its NMV on the date of its acquisition during marriage.

If specific property has been separately owned continuously from the DOM to the DOCOEPOT, and the NMV of that property on the DOCOEPOT is no greater than its NMV on the DOM, then its value includable in category 1 is its NMV on the DOCOEPOT. Likewise, if specific property has been separately owned continuously from the date of its acquisition during the marriage to the DOCOEPOT, and the NMV of that property on the DOCOEPOT is no greater than its NMV on the date of its acquisition during the marriage, then its value includable in category 3 is its NMV on the DOCOEPOT.

Thus, the aggregate USP is $114,500 to Husband and $500 to Wife.

Considering all of the relevant circumstances of this case, including, but not limited to, Wife's contribution to the May 1, 1984 net market value of Husband's separate assets, we conclude that the family court's $6,150 or 5.35 percent deviation in Wife's favor from the $114,500/$500 aggregate USP does not exceed its authorized range of discretionary equitable choice in this case.

## CONCLUSION

The family court's December 7, 1987 Divorce Decree; the December 7, 1987 Supplemental Decision and Order; and the March 7, 1988 Order Denying, in Part, and Granting, in Part, Motion for Reconsideration are affirmed.

*Isaac Hall* for plaintiff-appellant.

*Lowell D. Chatburn* for defendant-appellee.