LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29370

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

H.K., Plaintiff-Appellant, v.
R.L., Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 07-1-2214)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Plaintiff-Appellant H.K. (Wife) appeals from the Divorce Decree filed on August 25, 2008 in the Family Court of the First Circuit[1] (family court).

Wife raises six arguments on appeal: (1) the family court erred by failing to make findings on dissipation, making inadequate findings on business valuations, and failing to find the relevant facts or decide whether those facts justified a deviation from partnership principles in property division; (2) the family court's finding that the shares of stock owned by Defendant-Appellee R.L. (Husband) in Honcad Corporation (Honcad) were worth $26,700 was clearly erroneous; (3) the family court erred in failing to credit wife with $277,186, the amount Husband dissipated from the marital estate; (4) the family court's finding that Husband had a $40,220 Category 1 Charles Schwab account (Schwab Account) at the date of marriage (DOM) was clearly erroneous and unsupported by the evidence; (5) the family court abused its discretion in awarding the 66% ownership of NextLevel Software (NextLevel) to Husband and refusing to compensate Wife half of the $30,000 payable to Husband; and (6) the family court abused its discretion in awarding a $150,000 lump-sum payment of alimony to Wife.

---

[1] The Honorable Kenneth E. Enright presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Wife's appeal is without merit.

(1) Wife contends the family court violated Hawaiʻi Family Court Rules (HFCR) Rule 52(a)[2] when the court failed to make any finding as to her claim that Husband dissipated $277,186 in marital funds. Wife argues that this omission violates Rule 52(a) and leaves this court with an inadequate factual basis for understanding the family court's decision. We disagree.

Rule 52(a) does not require the family court to address every factual issue raised by the parties. It does require that the family court enter findings upon the filing of a notice of appeal, State v. Gonsales, 91 Hawaiʻi 446, 449, 984 P.2d 1272, 1275 (App. 1999), and that these findings be "sufficiently comprehensive and pertinent to the issues to disclose to this court the steps by which [the family court] reached its ultimate conclusion on each factual issue." Doe IV v. Roe IV, 5 Haw. App. 558, 566, 705 P.2d 535, 543 (1985). It is within the family court's broad discretion to recognize factual issues and craft findings of fact addressing these issues. We will not interfere with these decisions unless there has been a manifest abuse of discretion. Schiller v. Schiller, 120 Hawaiʻi 283, 287, 205 P.3d 548, 552 (App. 2009).

---

[2] Rule 52(a) provides in relevant part:

**Rule 52. Findings by the court.**

(a) **Effect.** In all actions tried in the family court, the court may find the facts and state its conclusions of law thereon or may announce or write and file its decision and direct the entry of the appropriate judgment; except upon notice of appeal filed with the court, the court shall enter its findings of fact and conclusions of law where none have been entered, unless the written decision of the court contains findings of fact and conclusions of law.

We conclude that the 49 Findings of Fact in the November 10, 2008 Findings of Fact and Conclusions of Law (FOF/COL) sufficiently apprise this court of the basis upon which the family court reached its conclusions.

Wife also argues that the family court violated Rule 52(a) by not making findings about the business valuations of Husband's companies. However, the FOF/COL did make findings regarding the business valuation of Husband's companies:

> 13. The value of [Husband's] present interest in Honcad Corporation is $26,700.00.
>
> . . . .
>
> 19. There was no disagreement that [Husband] shall receive all of his LLC interest in Pipeline FX subject to all indebtedness associated therewith, which indebtedness materially exceeds the value of the assets in the company. The value of the interest is $0.00.
>
> 20. It is highly unlikely that [Husband] will ever be repaid the amounts he has lent to [NextLevel]. [Wife] offered no credible evidence to prove that it could ever repay the loans to [Husband]. The value of the loans is $0.00.

See Doe IV, 5 Haw. App. at 566, 705 P.2d at 543 (noting that "short, direct, and concise" findings are adequate). We therefore find no merit in Wife's argument.

Wife contends the family failed to find relevant facts to determine a deviation from partnership principles pursuant to Jackson v. Jackson, 84 Hawai'i 319, 933 P.2d 1353 (App. 1997).[3] The family court found 49 facts in its FOF/COL and ultimately

---

[3] Jackson explains the steps the family court takes in dividing marital property under partnership principles:

> The Partnership Model requires the family court, when deciding the division and distribution of the Marital Partnership Property of the parties part of divorce cases, to proceed as follows: (1) find the relevant facts; start at the Partnership Model Division and (2)(a) decide whether or not the facts present any valid and relevant considerations authorizing a deviation from the Partnership Model Division and, if so, (b) itemize those considerations; if the answer to question (2)(a) is "yes," exercise its discretion and (3) decide whether or not there will be a deviation; and, if the answer to question (3) is "yes," exercise its discretion and (4) decide the extent of the deviation.

84 Hawai'i at 332, 933 P.2d at 1366 (footnote omitted).

refused to deviate from partnership principles. The family court's discretion to find the "relevant" facts is broad. <u>Fisher v. Fisher</u>, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) ("Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion.") The family court did not abuse its discretion in declining to deem Wife's dissipation claim a relevant fact for purposes of <u>Jackson</u>.

(2) Substantial evidence supports the family court's finding that Husband's shares in Honcad were worth $26,700. <u>See</u> <u>Clark v. Clark</u>, 110 Hawai'i 459, 465, 134 P.3d 625, 631 (App. 2006). Mr. Kuba, Husband's appraisal expert, provided valuation reports on Honcad as of December 31, 1996 and January 31, 2008 and PipelineFX as of January 31, 2008.[4] These reports supported the family court's finding that Husband's interest in PipelineFX was worthless and his interest in Honcad was worth $26,700. Mr. Kuba also testified from his reports at trial. Additionally, Husband testified that his interest in PipelineFX was worthless because he could not "sell it today for anything." This collective evidence substantially supports the family court's findings as to the value of Husband's business interest.

Wife argues that the family court should have lent more credence to her expert's valuations of Husband's business interests. We do not reconcile conflicting testimony.

> [I]t is axiomatic that reconciling conflicting testimony is beyond the scope of appellate review. *See State v. Martinez*, 101 Hawai'i 332, 340, 68 P.3d 606, 614 (2003) ("But '[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact.'") . . . ; *State v. Mitchell*, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (App. 2000) ("The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence.") [.]

---

[4] The valuation reports were introduced into evidence as Exhs. G-1 through G-3, but the exhibits are not part of the lower court record before us.

*Onaka v. Onaka*, 112 Hawaiʻi 374, 384, 146 P.3d 89, 99 (2006).

Schiller, 120 Hawaiʻi at 288, 205 P.3d at 553.

(3)  Wife contends the family court erred in failing to charge Husband for allegedly dissipating $277,186 from the marital estate from the date of their separation in contemplation of divorce (DOFSICOD) to the completion of their divorce trial (DOCOEPOT).  Where the family court determines that a party acts irresponsibly with marital assets during a divorce, thereby reducing the marital estate, the court may equitably charge that party with the amount reduced.  See Higashi v. Higashi, 106 Hawaiʻi 228, 241, 103 P.3d 388, 401 (App. 2004); see also Ahlo v. Ahlo, 1 Haw. App. 324, 329, 619 P.2d 112, 117 (1980).  Wife argues that since DOFSICOD, Husband made a $92,546 down payment on a new house in Kailua, paid $4,627 a month on the mortgage, charged $22,000 for new furnishings, spent $30,947 for a new Toyota truck, and loaned $30,000 to NextLevel.  Wife contends this was "non-essential" spending and was fiscally irresponsible.

In Higashi, this court explained that a reduction in the marital estate does not, in and of itself, trigger the court's equitable power to charge the spending party:

> A reduction of the dollar value of the marital estate chargeable to a divorcing party occurs when, during the time of the divorce, a party's action or inaction caused a reduction of the dollar value of the marital estate under such circumstances that he or she equitably should be charged with having received the dollar value of the reduction.

106 Hawaiʻi at 241, 103 P.3d at 401 (emphasis added).  Husband's spending reduced the marital estate, but Wife does not demonstrate how these expenditures were fiscally irresponsible and occurred "under such circumstances" as to trigger the family court's equitable powers.  The family court did not abuse its discretion in refusing to equitably charge Husband for his expenditures during the divorce.

Wife argues that Husband's dissipation warrants deviation from partnership principles.[5]  However, Wife does not explain how Husband's expenditures for a home, vehicle, and company debt payment amounted to waste.

Wife also argues that she should not be charged for Husband's $43,000 loan from his 401K and his $30,000 loan to NextLevel.  Wife maintains that she did not benefit from these loans and the loans are in Husband's name alone.  We find no abuse of discretion in the family court's decision to charge Wife with these debts.  See Tougas v. Tougas, 76 Hawai'i 19, 32, 868 P.2d 437, 450 (1994) ("And because the family courts are not bound by any 'fixed rule for determining the amount of property being awarded each spouse,' the court may, subject to the parameters of HRS § 580-47, exercise its own independent judgment in arriving at a just and equitable result."); see also Gussin v. Gussin, 73 Haw. 470, 479, 836 P.2d 484, 489 (1992).

(4)  Wife contends the family court erred in FOF 30 when it valued Husband's DOM Schwab Account at $40,220 and granted Husband a Category 1 credit in that amount.  Wife argues that the family court erred in crediting Husband with $40,220 based on the $2,011 dividends reported on Schedule B attached to the 1997 return because Husband's 1996 individual return reported only $5.00 in interest for the Schwab Account.  Wife provides no basis for disturbing the family's court's FOF.  The couple was married in 1997 and on their 1997 1040 Schedule B, they reported $2,011 in dividends from the Schwab Account.  In attempting to value Husband's Schwab Account at DOM, the family court used the

---

[5]  Hawaii Revised Statutes (HRS) § 580-47 (2006 Repl.) provides the valid and relevant considerations justifying deviation:

§580-47 Support orders; division of property.  (a) . . . In making these further orders, the court shall take into consideration:  the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case.

couple's 1997 1040 Schedule B. It is within the family court's broad discretion to recognize factual issues and craft findings of fact addressing these issues. Schiller, 120 Hawai'i at 287, 205 P.3d at 552. We hold that the family court's finding was not clearly erroneous.

(5) Wife contends the family court abused its discretion in awarding NextLevel to Husband and declining to split Husband's receivable from NextLevel with Wife. Wife's argument directly challenges the family court's FOF 20: "It is highly unlikely that [Husband] will ever be repaid the amounts he has lent to NextLevel Software. [Wife] offered no credible evidence to prove that it could ever repay the loans to [Husband]. The value of the loans is $0.00." Wife argues that the record actually supports the inference that NextLevel would be profitable and therefore would pay off Husband's $30,000 receivable.

Husband testified that if he ordered liquidation of NextLevel, NextLevel would not be able to come up with the $30,000. Wife never rebutted this testimony. FOF 20 is not clearly erroneous.

(6) Wife contends the family court abused its discretion in awarding Wife $150,000 in lump sum alimony because the court's findings warrant a far more generous award. The family court made the following relevant findings:

> 36. While the potential for [Husband's] income to increase in the future is very real, there was no credible evidence to establish that he was capable of earning any more money at the time of trial then [sic] he was actually currently earning.

> 37. While [Wife] has some limited potential to increase her income sometime in the future, she has yet to recover from the emotional impact of the dramatic changes in her life.

> 38. [Wife] is fifty (50) years old . . . . [Husband] is forty-four (44) years old . . . .

> 39. [Husband] has an undergraduate degree in Environmental Design from . . . and is employed by PipelineFX, LLC.

7

40.    [Wife] has a high school diploma from Japan. [Wife] was born and raised in Japan, and English is her second language.

41.    In 1993, prior to her marriage to [Husband], [Wife] worked briefly for an art gallery, a sales position marketing art to Japanese tourists in Waikiki, but she had to stop because she contracted breast cancer.

42.    When the parties married on February 3, 1997, [Wife's] only source of income was rental income from her solely owned condominium at 2410 Cleghorn Street (also referred to as the "Waikiki Skytower condominium"); she also used savings from her inheritance to pay her living expenses.

43.    Soon after the parties' marriage, [Wife] became pregnant with [Child], who was born [in] 1998.

44.    At no time during the marriage did [Wife] work outside the home. She was a full-time homemaker and had no income from employment.

45.    During the marriage, the parties had a relatively high standard of living that included vacation travel to Europe and/or Asia and private school at Punahou for their child.

46.    During the parties' marriage, the Waikiki Skytower condominium failed to generate profit.

47.    The Waikiki Skytower has not been rented for at least two years and will require repairs before it can be rented again. When it is rented, it will rent for around one thousand five hundred dollars ($1,500) per month.

48.    During the parties' marriage, [Wife] developed significant health problems. She suffers from vertigo and back problems.

49.    Throughout the parties' marriage, [Wife] was dependent for financial support on [Husband].

Wife argues that these findings do not support the family court's award of $150,000 in lump-sum alimony.

The family court awards spousal support by considering the factors enumerated in HRS § 580-47(a). Cassiday v. Cassiday, 6 Haw. App. 207, 215, 716 P.2d 1145, 1151 (1985), aff'd in part and rev'd in part, 68 Haw. 383, 716 P.2d 1133 (1986). HRS § 580-47(a) mandates that the family court consider thirteen specific considerations before awarding spousal support:

(1)    Financial resources of the parties;

(2)    Ability of the party seeking support and maintenance to meet his or her needs independently;

(3)    Duration of the marriage;

(4)    Standard of living established during the marriage;

(5)    Age of the parties;

(6)    Physical and emotional condition of the parties;

(7)    Usual occupation of the parties during the marriage;

(8)    Vocational skills and employability of the party seeking support and maintenance;

(9)    Needs of the parties;

(10)   Custodial and child support responsibilities;

(11)   Ability of the party from whom support and maintenance is sought to meet his or her own needs while meeting the needs of the party seeking support and maintenance;

(12)   Other factors which measure the financial condition in which the parties will be left as the result of the action under which the determination of maintenance is made; and

(13)   Probable duration of the need of the party seeking support and maintenance.

The family court's findings support the alimony award.  The family court did not abuse its discretion in fashioning the lump-sum award for Wife.  See Carroll v. Nagatori-Carroll, 90 Hawai'i 376, 381, 978 P.2d 814, 819 (1999) (noting family court decisions only set aside on a manifest abuse of discretion).

Therefore,

IT IS HEREBY ORDERED that the Divorce Decree filed on August 25, 2008 in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, March 11, 2010.

On the briefs:

Peter Van Name Esser
for Plaintiff-Appellant.

William C. Darrah
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge